UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: SINUS BUSTER PRODUCTS CONSUMER LITIGATION | Civil Action No. 12-CV-2429 (ADS)(AKT) |

Civil Action No. 12-CV-2429 (ADS)(AKT)

ORDER PRELIMINARILY CERTIFYING
SETTLEMENT CLASS, GRANTING
PRELIMINARY APPROVAL OF
SETTLEMENT, AND APPROVING
CLASS NOTICE

F I L E D
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★   JAN 10 2014   ★

LONG ISLAND OFFICE

THIS MATTER having been submitted to the Court by plaintiffs David Delre and

Mathew Harrison ("Plaintiffs") and Co-lead Interim Class Counsel Faruqi & Faruqi, LLP, and

Bursor & Fisher, P.A. (collectively "Class Counsel") on behalf of the Plaintiffs and by Hi-Tech

Pharmacal Co., Inc. ("Hi-Tech") by its Counsel, by way of Plaintiffs' motion for preliminary

approval of the proposed Settlement in the above Actions;

WHEREAS, the Court having reviewed and considered Plaintiffs' motion for preliminary

approval and supporting materials filed by Class Counsel and Hi-Tech's Counsel; and

WHEREAS, this Court has fully considered the record and the requirements of law; and

good cause appearing;

IT IS THIS ___10___ th day of ___JANUARY___, 2014 ~~2013~~

ORDERED that the Settlement (including all terms of the Settlement Agreement and
EXCEPT AS MODIFIED BELOW
exhibits thereto) is hereby PRELIMINARILY APPROVED. The Court further finds and orders
                    ∧
as follows:

1.      The Court has subject matter jurisdiction under 28 U.S.C. § 1331, and venue is

proper in this district.

2.      The Court has personal jurisdiction over the Class Representatives, Settlement

Class Members, and Hi-Tech.

3.      The Settlement was the result of the parties' good-faith negotiations. The Settlement was entered into by experienced counsel and only after extensive arm's-length negotiations and after discovery. The Settlement Agreement is not the result of collusion.

4.      The proceedings that occurred before the parties reached the Settlement Agreement gave counsel opportunity to adequately assess this case's strengths and weaknesses – and thus to structure the Settlement in a way that adequately accounts for those strengths and weaknesses.

5.      The Settlement falls well within the range of reason. The Settlement has no *EXCEPT AS MODIFIED BELOW* obvious deficiencies.

*EXCEPT AS MODIFIED BELOW,*

6.      ∨ Because the Settlement meets the standards for preliminary approval, the Court preliminarily approves all terms of the Settlement, including the Settlement Agreement and all of its exhibits.

7.      The Court finds, for settlement purposes only, that all requirements of Fed. R. Civ. P. 23(a) and (b)(3) have been satisfied. The Court certifies a Settlement Class of all persons in the United States who purchased Sinus Buster brand products, including: Sinus Buster, Sinus Buster Mild, Sinus Buster Anti-Cold Formula, Cold Buster, Allergy Buster, Sinus Buster Allergy Formula, Headache Buster, Sinus Buster Headache Formula and/or names similar to the foregoing ("Sinus Buster Products") in the United States on or after March 7, 2012 and before *THE FIRST DATE THE SETTLEMENT NOTICE IS PUBLISHED.* [Date of Publication]. Excluded from membership in the Class are: (1) those who purchased the Sinus Buster Products for resale or distribution to others; (2) all federal judges to whom this case is assigned and members of their families within the first degree of consanguinity; and (3) officers and directors of Hi-Tech.

8.      The Court conditionally certifies the proposed Settlement Class, and preliminarily finds that the requirements of Rule 23(a) are satisfied, for settlement purposes only, as follows:

(a)     Pursuant to Fed. R. Civ. P. 23(a)(1), the members of the Settlement Class are so numerous that joinder of all members is impracticable.

(b)     Pursuant to Fed. R. Civ. P. 23(a)(2), the Court determines that there are common issues of law and fact for the Settlement Class.

(c)     Pursuant to Fed. R. Civ. P. 23(a)(3), the claims of the Class Representatives are typical of the claims of the Settlement Class that they represent.

i.      The Court hereby appoints Plaintiffs Mathew Harrison and David Delre as Class Representatives for the Settlement Class.

(d)     Pursuant to Fed. R. Civ. P. 23(a)(4), the Class Representatives will fairly and adequately protect and represent the interests of all members of the Settlement Class. The interests of the Class Representatives are not antagonistic to those of the Settlement Class. The Class Representatives are represented by counsel who are experienced and competent in the prosecution of complex class action litigation.

9.      The Court further finds that the requirements of Rule 23(b)(3) are satisfied, as follows:

(a)     Questions of law and fact common to the members of the Settlement Class predominate over questions that may affect only individual members; and

(b)     A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.

10.     The Court finds that the content of the Notice and the Claim Form satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process and accordingly approves the Notice and Claim Form.

11.     This Court ~~further approves~~ MODIFIES the proposed methods for giving notice of the Settlement to the Members of the Settlement Class, as reflected in the Settlement Agreement and Plaintiffs' motion for preliminary approval.  The Court has reviewed the notice, and the notice MODIFIED procedures SET FORTH BELOW, and finds that the Members of the Settlement Class will receive the best notice practicable under the circumstances.  This Court ~~also approves~~ DIRECTS the parties' ~~proposal~~ to publish the Settlement Notice ~~once~~ FOUR TIMES in People Magazine and ~~once~~ FOUR TIMES in USA Today, OVER A TWO-WEEK PERIOD as well as 30 days of Internet banner notifications which contain links to the Settlement Website during the Claims Period.  The Court also approves payment of notice costs as provided in the Settlement.  The Court finds that these procedures, carried out with reasonable diligence, will constitute the best notice practicable under the circumstances and will satisfy the requirements of Fed. R. Civ. P. 23(c)(2), Fed. R. Civ. P. 23(e)(1), and due process.  SEE HECHT V. UNITED COLLECTION BUREAU, INC., 691 F.3D 18 (2D CIR 2012).

12.     The Court preliminarily finds that the following counsel fairly and adequately represent the interests of the Settlement Class and hereby appoints Antonio Vozzolo, Courtney E. Maccarone, Scott A. Bursor, and Joseph I. Marchese as Settlement Class Counsel pursuant to Rule 23(g).

13.     The Court directs that pursuant to Fed. R. Civ. P. 23(e)(2) a hearing will be held on [ APRIL , 25 ], 2014 AT 1:30 P.M. to consider final approval of the Settlement (the "Final Approval Hearing" or "Fairness Hearing") including, but not limited to, the following issues: (a) whether the Class should be finally certified, for settlement purposes only; (b) the fairness, reasonableness, and adequacy of the Settlement; (c) Class Counsel's application for an award of

attorneys' fees and costs; and (d) approval of an award of service payments to the Class Representative. The Final Approval Hearing may be adjourned by the Court and the Court may address the matters set out above including final approval of the Settlement, without further notice to the Settlement Class other than notice that may be posted at the Court and on the Settlement Website.

14.    Persons wishing to object to the proposed Settlement and/or be heard at the Fairness Hearing shall follow the following procedures:

(a)    To object, a member of the Settlement Class, individually or through counsel, must file a written objection with the Court, with a copy delivered to Class Counsel and Hi-Tech's Counsel at the addresses set forth below:

**Settlement Class Counsel:**

Antonio Vozzolo
Courtney E. Maccarone
FARUQI & FARUQI, LLP
369 Lexington Avenue, 10th Floor
New York, New York 10017
(212) 983-9330

Scott A. Bursor
Joseph I. Marchese
BURSOR & FISHER, P.A.
888 Seventh Avenue, 3rd Floor
New York, New York 10019
(212) 989-9113

**Counsel for Hi-Tech:**

Jeffrey N. Levy
TASHLIK GOLDWYN CRANDELL LEVY LLP
40 Cuttermill Road
Great Neck, NY 11021
(516) 466-8005

(b)    Any objection regarding or related to the Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *In re Sinus Buster*

*Products Consumer Litigation*, Civil Action No. 12-CV-2429 (ADS)(AKT)" and shall also contain information sufficient to identify and contact the objecting Settlement Class Member, as well as a clear and concise statement of the Settlement class member's objection, documents sufficient to establish the basis for their standing as a Settlement Class Member, *i.e.*, verification under oath as to the date and location of their purchase of a Sinus Buster Product or a receipt reflecting such purchase, the facts supporting the objection, and the legal grounds on which the objection is based.

(c)     Any member of the Settlement Class who files and serves a timely written objection in accordance with this Order may also appear at the Fairness Hearing, to the extent permitted by the Court, either in person or through an attorney hired at the Settlement Class Member's expense, to object to the fairness, reasonableness or adequacy of the proposed Settlement. Any attorney representing a member of the Settlement Class for the purpose of making objections must also file a Notice of Appearance with the Clerk, and must also serve copies by mail to the counsel listed above.

(d)     Members of the Settlement Class or their attorneys intending to appear at the Fairness Hearing must, by [ MARCH , 25] 2014, serve on Settlement Class Counsel and counsel for Hi-Tech, and file with the Court, a notice of Intent to Appear, which includes: (i) the name, address and telephone number of the Settlement Class member and, if applicable, the name, address and telephone number of the Settlement Class member's attorney (who must file a Notice of Appearance); (ii) the objection, including any papers in support thereof; and (iii) the name and address of any witnesses to be presented at the Fairness Hearing, together with a statement as to the matters on which they wish to testify and a summary of the proposed testimony.

(e)     Any member of the Settlement Class who does not timely file and serve a

Notice of Intent to Appear, and any witness not identified in the Notice of Intent to Appear, shall

not be permitted to appear at the Fairness Hearing, except for good cause shown.

15.     Members of the Settlement Class who elect not to participate in the Settlement

(i.e., "opt-out") must submit to the Claims Administrator, a written request for exclusion that is

postmarked no later than [ MARCH , 25] 2014.  Hi-Tech shall compile a list of all Opt-

Outs to be filed with the Court no later than the Fairness Hearing.

16.     Any member of the Settlement Class failing to properly and timely mail such a

written request for exclusion shall be automatically included in the Settlement Class and shall be

bound by all the terms and provisions of the Settlement Agreement and the Settlement, including

the Release, and Order of Final Judgment.  The Court shall resolve any disputes concerning the

Opt-Out provisions of the Settlement Agreement.

17.     In order to participate in the Settlement and receive a refund or reimbursement

from Hi-Tech, members of the Settlement Class must mail to the Claims Administrator a

properly executed Claim Form.  To be effective, any such Claim Form must be postmarked no

later than [ MAY , 23] 2014, and must otherwise comply with the procedures and

instructions set forth in the Claim Form.

18.     The following are the deadlines for the following events:

| **EVENT** | **DATE** |
|---|---|
| Deadline for publishing Notice | FEBRUARY 25, 2014 |
| Filing of papers in support of Final Approval and Class Counsel's Application for Attorneys' Fee and Expenses | FEBRUARY 25, 2014 |

| | |
|---|---|
| Deadline for submitting exclusion requests or objections | MARCH 25, 2014 |
| Filing of response to objections | APRIL 14, 2014 |
| Final Approval Hearing | APRIL 25, 2014 AT 1:30P.M. |
| Deadline for submitting Claims Forms | MAY 23, 2014 |

19.    To the extent not otherwise defined herein, all defined terms in this order shall have the meaning assigned in the Settlement Agreement.

20.    In the event that the Settlement does not become effective for any reason, this Preliminary Approval Order shall be rendered null and shall be vacated, and all orders entered in connection herewith shall be null and void to the extent provided by and in accordance with the Agreement.  If the Settlement does not become effective, Hi-Tech and any other released persons shall have retained any and all of their current defenses and arguments thereto (including but not limited to all arguments related to the merits and all arguments that the requirements of Fed. R. Civ. P. 23(a) and (b)(3) are not satisfied for purposes of continued litigation).  This action shall thereupon revert immediately to its respective procedural and substantive status prior to the date of execution of the Settlement Agreement and shall proceed as if the Settlement Agreement and any related order had not been executed.

21.    Nothing in this Preliminary Approval Order, the Settlement Agreement, or any documents or statements related thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Hi-Tech, or an admission of the propriety of class certification for any purposes other than for purposes of the current proposed Settlement.

8

22. All other proceedings in the Action are hereby stayed until such time as the Court renders a final decision regarding approval of the proposed Settlement. No discovery with regard to this Action, or with respect to this Settlement, shall be permitted other than as may be directed by the Court upon a proper showing by the party seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rules. In addition, pending a determination on final approval of the Settlement, all Settlement Class Members are hereby barred and enjoined from commencing or prosecuting any action involving any Released Claims.

23. The Court shall retain continuing jurisdiction over the Action, the Parties and the Settlement Class, and the administration, enforcement, and interpretation of the Settlement. Any disputes or controversies arising with respect to the Settlement shall be presented by motion to the Court, provided, however, that nothing in this paragraph shall restrict the ability of the parties to exercise their rights under Paragraphs 20 and 22 above.

/s/ Arthur D. Spatt

HONORABLE ARTHUR D. SPATT, USDJ

Dated: 1/10/14

9